**John H. BLACKFORD, Plaintiff,**

v.

**COMMISSIONER OF PATENTS, Defendant.**

**Civ. A. 1747–66.**

United States District Court

District of Columbia.

Nov. 14, 1967.

Charles S. Grover, Boston, Mass., and James W. Dent, Washington, D. C., for plaintiff.

Jere Sears, Solicitor, Washington, D. C., for defendant.

## OPINION

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents under 35 U.S.C. § 145 for an adjudication that the plaintiff is entitled to a patent on an application that has been rejected by the Commissioner. The application was filed by John M. Blackford on January 7, 1965, Serial No. 424,067.

The invention relates to the manufacture of wood pulp out of which paper is fabricated. The evidence shows that the manufacture of wood pulp consists of two basic stages. First, is the preparation of chips out of wood, which in itself comprises a number of steps; and second, chemical treatment of the wood chips in order to transform them into wood pulp. The wood chips are small, approximately half an inch wide and one inch long, and about one-fourth of an inch thick.

The plaintiff's invention consists of introducing an intermediate process between the preparation of the wood chips and their chemical treatment. His process consists of compressing chips to a point beneath their elastic limit. This partial compression enables the chips to resume their original form, but, according to the plaintiff, it loosens the fibers in such a way that they become amenable to chemical treatment more easily and more evenly than they otherwise would be. There are two sets of claims, apparatus claims and process claims, as the plaintiff devised machinery for use in his process. The Court will first take up the process claims, claims 7 and 8.

The application was rejected principally on a British patent to Kron, No. 2,560, 1910, accepted December 1, 1910. Kron likewise discloses both a process and an apparatus for treating wood which eventually becomes wood pulp. His process, however, differs from the plaintiff's process. The plaintiff only partially compresses the wood chips in order to make them more susceptible and amenable to the later chemical process; whereas Kron, to use his own words, crushes the wood completely and reduces it to loose fleece or thin sheets of the thickness of tissue paper. The purposes of the two processes are also entirely different. Kron indicates that by the use of his process the reduction of the wood to chips may be avoided and also the subsequent chemical treatment may be eliminated, and that his process of completely crushing the wood to fleece makes it ready for reduction to pulp. Obviously, Kron's conception is entirely different from the partial compression contemplated by the plaintiff.

The Court is of the opinion, therefore, that insofar as the process itself is concerned, Kron's patent neither anticipates nor may be considered prior art to the extent of making the plaintiff's invention obvious. The Court concludes that the plaintiff has made a patentable invention insofar as the process is concerned. In this connection the decision of the Court of Appeals for this Circuit

in Higley v. Brenner, handed down on November 7, 1967, is illuminating.

Both the Patent Office and counsel for the Commissioner at this trial criticize the method claims as being partial and incomplete in that they comprise only the one step in the manufacture of wood pulp invented by the plaintiff, without enumerating all of the steps of the entire process from the beginning to the end of the production of the wood pulp. The opinion of the Board of Appeals states:

"The argued overall results of some total process are not persuasive where only a portion of a total process is claimed."

This is not a mater of expertise as to which the Court would tend to bow to the judgment of the Patent Office. It is a question of phraseology of the claim. The Court suggests that the plaintiff is to be commended for phrasing his claims in such a way as to point out distinctly the inventive step that he claims to have devised, instead of burying it in the usual enumeration of various elements so that the carrying or the inventive element cannot be detected upon reading.

All too often claims tend to conceal rather than disclose the invention. Claims of the type drafted by the plaintiff have been encouraged by the Patent Office as far back as 1917. In the case of Ex parte Jepson, Decisions of the Commissioner of Patents for 1917, p. 62, at p. 68, the Assistant Commissioner who wrote the opinion stated:

"I agree with the applicant's contention that the old elements should not be cataloged with equal emphasis with the new and that the claim should be so written as to make at once apparent a clear line of demarcation between the old structure and those elements which really constitute the invention."

At page 69, it was stated:

"The common German and English practice is to state briefly the old general structure in the claim, followed by such an expression as 'characterized by' the certain particular structure which constitutes the patentee's invention."

In the closing paragraph of the opinion the following significant remarks are made:

"To my mind many of the present difficulties of our patent system, including the difficulty of classification and of avoiding errors in declaring interferences, would virtually disappear if inventors could be induced to confine their descriptions to the essential invention and its necessary setting and their claims to a particular and distinct pointing out of the invention itself as distinguished from the setting."

■ The process claims in this case specifically point out the inventive advance made by the applicant. It is not necessary to surround it by the other steps that have to be taken in the manufacture of the finished product.

■ Accordingly, the Court is of the opinion that the process claims should be allowed.

A different result is reached by the Court in respect to the apparatus claims. Both the Kron disclosure and the disclosure of the other items of prior art which the Court has carefully examined but which need not be enumerated show machinery consisting principally of rollers for compressing the object to be affected. The plaintiff also discloses a mechanism consisting principally of rollers. Apparently the only difference of any significance between the mechanisms of the prior art and the plaintiff's device is in the distances between the rollers. The Court is unable to perceive any patentable distinction between the various mechanisms. On this point the Court accepts the expertise of the Patent Office, because the Court is not convinced of any error on the part of the Patent Office in this respect. In fact, the Court independently would reach the same conclusion, because the differences in distances between the

rollers appear to be matters of adjustment according to the necessity and requirements of the work to be done and the objects to which the rollers are to be applied. In making the necessary adjustments, the Court is unable to discern any product of the inventive faculty or anything beyond the mechanical skill of a person reasonably skilled in the art.

■ Accordingly, the Court will sustain the ruling of the Patent Office as to the apparatus claims.

Judgment will be rendered in favor of the defendant on claims 1, 2, 3 and 6, and in favor of the plaintiff on claims 7 and 8.

Counsel may submit proposed findings of fact and conclusions of law and a proposed judgment.